White, J.
This was an action of trespass, vi et armis, brought in the County Court of Greene, by the defendant in error against the plaintiff in error. The defendant, in the court below, pleaded not guilty, upon which issue was joined. The joinder in issue on the transcript was followed by a memorandum, in these words : “ And it is agreed that, under the above plea, the defendant may give any matter in evidence in justification that he would be entitled to, had he filed the plea of justification thereto,” which is signed by the respective attorneys for the parties. Woods, the defendant, obtained a verdict in the County Court, but, in the Circuit Court, a verdict was given against him, and damages assessed to nine dollars and .fifty cents ; upon which, he moved for a new trial; his motion being overruled, he' brought the cause to this Court by appeal, in nature of a writ of error.
By a bill of exceptions, taken on the trial in the Circuit Court, it appeared that Woods, being a constable, and having in his hands an execution, in which Sevier and Rice were plaintiffs, and Spear defendant, levied this execution on a mare, in the possession of Spear, which was claimed by Mc’Pheran, the defendant in error, as his property. Much testimony was given in the cause, for the purpose of showing, on the one side, that Spear, who originally owned the mare, previous to the commencement of the respective claims of the contending parties, parted with the property of the mare, bona fide, for a valuable consideration, to Mc’Pheran; on the other side, to show that the transfer from Spear to Mc’Pheran was colora-ble only, or, if real, was not bona fide, but with an intent to defeat the payment of. some of his (Spear’s) creditors. It is not necessary to examine the points made by the counsel, on this part of the case, as the decision of the cause, at present, must rest upon another ground, disclosed in the latter part of the bill of exceptions, in these words: “ On motion of the defendant’s attorney, the witnesses were put under the care of an officer, and sent out of the hearing of each other, on examination. After Patrick Carr was examined, the defendant’s attorney moved the Court to permit him to call a witness to impeach the character of said Carr, but the' Court refused to permit said attorney to call a witness who had not been under the rule, and who had been present, and heard the evidence given by said Carr; to which opinion of the Court the defendant excepts, and tenders this ex *299 ception, which is signed and sealed and made a part of the record,” &c. It appears, on the bill of exceptions, that this Patrick Carr was the plaintiff’s witness, called and examined by him; it was therefore competent for the defendant to introduce impeaching- testimony as to his credit. The judge, having refused this on a ground not recognized by law, erred in judgment, and this error may have operated to the prejudice of the defendant. The bill of exceptions shows Carr’s testimony to have been material, and the effect produced upon it by the proffered impeaching testimony was with the jury to have decided. It might have abridged or wholly removed the effect of Carr’s testimony. This being the legal privilege of the defendant, from which he has been debarred by the judgment of the Court, he is entitled to a new trial, that he may have the introduction and benefit of the rejected testimony. For this purpose, the verdict.and judgment of the Circuit Court of Greene must be set aside, and the cause remanded for a new trial, to be had therein.